UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WILLIAM P. BOWE, <br><br> Plaintiff, <br><br> v. <br><br> MONSANTO COMPANY and BAYER AG, <br><br> Defendants. | No. _____ |

**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *William P. Bowe v. Monsanto Company et al.*, bearing Case Number 22CV30, from the Court of Common Pleas of Sandusky County, Ohio to the United States District Court for the Northern District of Ohio. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

**INTRODUCTION**

1. In this products liability lawsuit, Plaintiff William P. Bowe sues Monsanto and Bayer AG for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies

5435026.1

have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded that glyphosate does not cause cancer. Nevertheless, Plaintiff alleges that exposure to Monsanto's Roundup®-branded, glyphosate-based herbicides caused his cancer — specifically, non-Hodgkin's Lymphoma ("NHL").

2. This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation ("MDL") proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3. As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a citizen of Ohio. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation), and Bayer AG is deemed to be a citizen of Germany. Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages for cancer allegedly caused by exposure to Monsanto's Roundup®-branded herbicides.

## BACKGROUND AND PROCEDURAL HISTORY

4. Plaintiff commenced this lawsuit in the Court of Common Pleas of Sandusky County, Ohio by filing a complaint, captioned *William P. Bowe v. Monsanto Company et al.*, case number 22CV30 on or about January 10, 2022 (the "State Court Action").

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint (and other pleadings) served upon Monsanto in the State Court Action are attached as Exhibit 1. Plaintiff seeks compensatory and punitive damages based on the allegation that Monsanto's Roundup®-branded herbicides caused his NHL. *See, e.g.*, Complaint ¶¶ 1, 5, 15, 137–41.

## BASIS FOR REMOVAL — DIVERSITY JURISDICTION

6. Plaintiff is, and was at the time the State Court Action was filed, a resident and citizen of the State of Ohio. *See* Complaint ¶¶ 5, 8, 13–14.

7. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. *See* Complaint ¶ 6. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

8. Bayer AG is, and was at the time the State Court Action was filed, a German stock company with its principal place of business in Germany. *See* Complaint ¶¶ 10, 25. Accordingly, Bayer AG is deemed to be a citizen of Germany, a foreign citizen, for purposes of diversity jurisdiction.

9. The Complaint seeks compensatory and punitive damages based on the allegations that Monsanto's Roundup®-branded herbicides caused Plaintiff's cancer (NHL). Therefore, it is plausible from the face of the Complaint that this lawsuit seeks damages in excess of $75,000,

exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.,* No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking damages for cancer allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under §1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

10. In sum, this Court has original subject matter jurisdiction over this action based on § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

**PROCEDURAL REQUIREMENTS**

11. The Court of Common Pleas of Sandusky County, Ohio is located within the Northern District of Ohio. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

12. Monsanto received notice of process on January 14, 2022. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of January 14, 2022.

13. Bayer AG's consent to removal is not required because Bayer AG has not been properly served in the State Court Action. 28 U.S.C. § 1446(b)(2)(A). Plaintiff failed to effect service of process on Bayer AG as required by Ohio law and the Hague Convention on Service

Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. *See, e.g.*, Ohio R. Civ. P. 4.5(A) (requiring service on a party in a foreign country via Hague Service Convention); *Richardson v. Clinical Computing P.L.C.*, 69 N.E.3d 754, 758 (Ohio Ct. App. 2016) (stating that Rule 4.5 governs "[s]ervice of process on a party in a foreign country"); *Ward v. Ludwig*, 778 N.E.2d 650, 651, 653 (Ohio Ct. App. 2002) (holding that plaintiff was required to comply with Hague Service Convention to effect service of process on German defendant). Bayer AG's consent to removal also is not required because Bayer AG has not been "properly joined." § 1446(b)(2)(A). Courts in Ohio lack personal jurisdiction over Bayer AG for the claims asserted against it in this case. Moreover, this lawsuit does not assert any viable claims against Bayer AG because: (a) the alleged exposure to Roundup®-branded herbicides at issue in this case ended in 2009, Complaint ¶ 137; (b) the transaction that resulted in Monsanto becoming an indirect, wholly-owned subsidiary of Bayer AG occurred years later (in 2018); and (c) Bayer AG did not assume any of Monsanto's liabilities for personal injury claims arising out of alleged exposure to Roundup®-branded herbicides.

14. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Court of Common Pleas of Sandusky County, Ohio and will be promptly served on Plaintiff.

15. Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in future proceedings.

16. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## **CONCLUSION**

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: February 11, 2022				Respectfully submitted,

						*/s/ Madeline B. Dennis*
						John Q. Lewis (0067235)
						Madeline B. Dennis (0092353)
						TUCKER ELLIS LLP
						950 Main Avenue—Suite 1100
						Cleveland, OH  44113-7213
						Telephone	216.592.5000
						Facsimile:	216.592.5009
						Email:		john.lewis@tuckerellis.com
								madeline.dennis@tuckerellis.com

						*Attorneys for Defendant*
						*MONSANTO COMPANY*

5435026.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Notice of Removal* was filed electronically on February 11, 2022 and that service of the same on all counsel of record will be made by the Court's CM/ECF system. Parties may access this filing through the Court's system. A copy was also served via regular U.S. mail to Plaintiff's counsel at:

James G. O'Brien
O'BRIEN LAW LLC
405 Madison Avenue, 10th Floor
Toledo, OH  43604
jim@obrien.law

>                                    */s/ Madeline B. Dennis*
>                                    Madeline B. Dennis (0092353)
>                                    *One of the Attorneys for Defendant*
>                                    *MONSANTO COMPANY*